UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD W. ILLES,                                  :
      Plaintiff                                          :
                                                         :
      v.                                                 : CIVIL NO. 1:12-CV-964
                                                         :
JEFFREY BEARD et al.,                              :
      Defendants                                         :

*M E M O R A N D U M*

*I.*     *Introduction*

Plaintiff, an inmate in Pennsylvania's correctional system, has filed a motion to vacate or, alternatively, reduce the $758.63 taxation of costs entered against him by the clerk of court following a jury verdict. (Doc. 116 at 1-2). He argues that he is indigent and unable to pay the costs. (Id. at 4). For the reasons below, we deny his motion.

*II.*    *Background*

Plaintiff initiated this action in the Cumberland County Court of Common Pleas, where he was granted the right to proceed *in forma pauperis* (IFP). (Doc. 13 at 1). Thereafter, the case was removed to us following the filing of Plaintiff's complaint under 42 U.S.C. § 1983. (Doc. 1 at 1-2). In the complaint, Plaintiff alleged that Defendants retaliated against him in violation of his First and Fourteenth Amendment rights, and that Defendants subjected him to cruel and unusual punishment under the Eighth Amendment

by temporarily withholding food from him for a period of time during his incarceration. (Doc. 1-1 at 4, 8, 10; Doc. 62 at 1).

The parties submitted cross-motions for summary judgment, and, on June 9, 2015, we granted Defendants' motion with respect to the retaliation claim, but denied each party's Eighth Amendment motion, finding a dispute of material fact to be resolved at trial. (Doc. 62 at 13). On January 13, 2016, the jury returned a verdict for Defendant Chris Chambers, the only defendant remaining at the time, and found that Defendant Chambers did not deny Plaintiff a sufficient quantity of food to maintain normal health. (Doc. 107).

On January 28, 2016, Defendant Chambers submitted a bill of costs totaling $802.95, which Plaintiff objected to on three grounds: (1) that the bill should be reduced by $44.32 because it double-counted a witness, called by both parties, for whom Plaintiff already paid reimbursement costs; (2) that a $110.03 transcript cost was improper because Defendant Chambers did not attach proof of the cost; and (3) that Plaintiff is indigent and unable to pay. (Doc. 109 at 1; Doc. 110 at 2-4; Doc. 112 at 1-2).

On June 27, 2016, following the submission of an invoice for the transcript, the clerk of court issued a judgment against Plaintiff finding that $758.63 in costs would be taxed against him, reflecting a reduction for the duplicative costs of the witness called by both parties. (Doc. 111; Doc. 114; Doc. 115). The clerk denied Plaintiff's objection on the grounds of indigency. (Doc. 114 at 1).

II.        *Discussion*

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to

the prevailing party."[1]  FED. R. CIV. P. 54(d)(1).  There is a strong presumption that costs are to be awarded to the prevailing party.  In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 462 (3d Cir. 2000).  In accordance with that presumption, our local rules instruct that if the prevailing party files a bill of costs within thirty days of judgment, the clerk "shall" tax those costs to the losing party, subject to an appeal to the court.  M.D. Pa. L.R. 54.3.  The losing party has seven days to appeal.  Ibid.

We review de novo the ministerial act of an award of costs by a clerk of court.  In re Paoli, 221 F.3d at 461.  To overcome the presumption that costs be awarded, "the losing party bears the burden of making the showing that an award is inequitable under the circumstances."  Id. at 462.  We are permitted to consider two factors when deciding whether equity justifies a reduction or denial of costs: "(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) . . . the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them."[2]  Id. at 468.

"[A] party may be exempted from costs if he is in fact indigent, if he has adduced evidence that he is indigent, and if the district court sees fit to reduce the costs

---

1. "The 'costs' capable of recoupment under Rule 54(d)(1) are listed in 28 U.S.C. § 1920."  In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 457 (3d Cir. 2000).  Relevant here, § 1920 permits the prevailing party to recover fees for transcripts obtained for use in the case and for witness fees.  28 U.S.C. § 1920(2)-(3); see also M.D. Pa. L.R. 54.4.

2. We may not, however, consider the following:

> (1) the losing parties' good faith in pursuing the instant litigation (although a finding of bad faith on their part would be a reason not to reduce costs); (2) the complexity or closeness of the issues – in and of themselves – in the underlying litigation; or (3) the relative disparities in wealth between the parties.

In re Paoli, 221 F.3d at 468.

3

award imposed for reasons of equity." Id. at 464. "[I]f a losing party is indigent or unable to pay the full measure of costs, a district court may, but need not automatically, exempt the losing party from paying costs." Ibid. In assessing a plaintiff's indigence, we compare a plaintiff's financial condition against the award taxed against him or her. Id. at 464 n.5. "[H]owever, there are no hard and fast rules for assessing a losing party's indigency or inability to pay; district courts should use their common sense in making this determination." Ibid. "Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." Id. at 468.

Here, the only relevant factor Plaintiff raises is indigency.[3] The evidence of indigency consists of his initial petition for, and designation of, IFP status, a hand-written affidavit of his financial condition, and his inmate bank statement detailing all transactions from January 2012 to February 2016. (Doc. 110-3, 110-4; Doc. 112-2; Doc. 116-2). The evidence reveals that Plaintiff received approximately $4,909.72 in his account over the last four years. (Doc. 112-2). Of that amount, Plaintiff earned approximately $15 per month (about $700 total over four years) from a general pool of "Maintenance Payroll" funds, but accumulated over $4,000 in "Personal Gifts," primarily from one of his sisters who he claims is "semi-retired" and has "limited income." (Doc112-2; Doc. 117 at 5). Plaintiff's account balance at the end of February 2016, immediately following the jury verdict, was $87.79, as he spent over $4,000 on commissary purchases, bake sale purchases, and other outside purchases. (Doc. 112-2). Plaintiff does not have a job in

---

[3] We note that although Plaintiff argues that he "brought the lawsuit in good faith" and that "his case was not a frivolous one," (Doc. 117 at 5), such factors are not relevant to our assessment of the taxation of costs entered against him, see In re Paoli, 221 F.3d at 468.

4

prison and claims that, although he was a physician before he was incarcerated, he no longer has any money or assets.  (Doc. 117 at 5).

Although plaintiff's income is limited to approximately $15 per month, we find that $758.63 is not an amount so great that Plaintiff, even if indigent under the circumstances, should be relieved of paying in the name of equity.  Accordingly, we will deny Plaintiff's motion to vacate or otherwise reduce the clerk's taxation of costs and will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 8, 2016